

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

*Tarrant Co,*

**GERALD C. MANN**
**ATTORNEY GENERAL**

Livestock Sanitary Commission
W. T. Waggoner Building
Fort Worth, Texas

Gentlemen:                    Attention: Mr. T. O. Booth

Opinion No. O-1830
Re: Is it the duty of the Live-
stock Sanitary Commission to
request Dr. James to tag and
brand and certify the cattle
according to the original
test made by him in the Lubbock
City Health Department Labora-
tory?

Your recent request for an opinion of this de-
partment on the above-stated question has been received.

We quote from your letter as follows:

"I am enclosing you a copy of a letter re-
ceived from Judge J. J. Dillard of Lubbock, Texas.

"The history of this is that Judge Dillard
secured the services of Dr. C. M. James, a li-
censed practicing veterinarian of Lubbock to
conduct a Bang's disease test on his herd of
cattle. Dr. James secured blood samples and
took them to the City Health Department Labora-
tory in Lubbock who conducted the Laboratory
test. The results of the test show several of
them to be positive reactors to the Bang's dis-
ease test.

"Article 1525D Vernon's Annotated Penal Code
1939 Volume III accumulative pocket part, con-
tains the Law governing the branding and tagging
of such cattle which may react.

"Dr. James is not an accredited representa-
tive that is, in no way officially connected with

Livestock Sanitary Commission, Page 2

the Livestock Sanitary Commission or the U. S. Department of Agriculture, nor was he authorized by either the State or Bureau Agency to make this blood test.

"The Laboratory of the City Health Department of Lubbock is not a Laboratory over which the Livestock Sanitary Commission has any jurisdiction and nothing is known as to their technique of conducting a Bang's test as far as standardization is concerned.

"It is my understanding that the Dillard Brothers Dairy have been sued by the former owner of these cattle and judgment rendered in his favor and according to Judge Dillard's present letter these cattle including those which were found as reactors to the test will be sold at auction to satisfy the judgment sometime about the 22n to 24th of January. The question is, would it be the duty of this Department to request Dr. James to tag and brand and certify the cattle according to the original test made by him in the Lubbock City Health Department Laboratory?"

Sections 1 and 2 of Article 1525b, Vernon's Penal Code, reads as follows:

"Sec. 1. It shall be the duty of the Live Stock Sanitary Commission provided in Article 7009 Revised Civil Statutes of 1925 to protect all cattle, horses, mules, asses, sheep, goats, hogs, and other live stock, and all domestic animals and domestic fowls of this State from infection, contagion or exposure to the infectious, contagious and communicable diseases enumerated in this Section, to-wit: Tuberculosis, anthrax, glanders, infectious abortion, hemorrhagic septicemia, hog cholera, malta fever, foot and mouth disease, rabies and other similar and dissimilar contagious and infectious diseases of live stock recognized by the veterinary profession as infectious or contagious; also rabies among canines, and Bacillary White diarrhea among fowls. Said Commission may at its discretion whenever it is deemed necessary or advisable also engage in the eradication and control of any disease of any kind or character

Livestock Sanitary Commission, Page 3

that affect animals, live stock, fowls or ca-
nines regardless of whether said diseases are
infectious, contagious or communicable and may
establish necessary quarantines for said purpose.
It shall be the duty of the Commission to estab-
lish quarantines against other States, terri-
tories and foreign countries and portions there-
of whenever said Commission ascertains or is in-
formed that any of said diseases exist therein,
and to establish quarantines within the State of
Texas on cattle, horses, mules, asses, sheep, goats,
hogs, and other live stock, domestic animals and
domestic fowls, also counties, districts, areas,
premises, lands, pastures, lots, ranches farms,
fields, ranges, thoroughfares, buildings, barns,
stables, stock yards, pens and other places when-
ever said Commission ascertains that any of said
diseases or the agency of transmission thereof
exist in any of said places or among any of said
live stock, domestic animals or domestic fowls,
or that any of said places, live stock, domestic
animals or domestic fowls are exposed to any of
said diseases or to the germs or agency of trans-
mission of any of said diseases. Said Commission
shall adopt rules and regulations to be proclaimed
by the Governor of the State of Texas for the pur-
pose of carrying out and enforcing the provisions
of this Act. The said Commission is hereby author-
ized to control the sale and distribution of vet-
erinary biologics. No provision of this Act shall
relate to tick eradication; nor shall any provi-
sion hereof relate to scabies except those pro-
visions in which scabies is expressly mentioned.
When reference is made in any Section of this Act
to infectious, contagious and communicable diseases,
the same shall not be construed as having refer-
ence to scabies, unless said Section specifically
states that scabies is included. It is hereby
specifically provided that scabies eradication
and tick eradication shall be conducted only by
Inspectors of the Live Stock Sanitary Commission
appointed and recognized by said Commission for
said purposes, and all permits and certificates
for certifying that cattle or sheep are free of
scabies infection and exposure shall be issued
only by Inspectors appointed for said purpose,
and permits and certificates for certifying that
live stock are free of ticks and exposure shall
be issued only by Inspectors appointed for said
purpose. Provisions of this with reference to

issuing search warrants shall also apply to
scabies inspectors for the purpose of dipping
sheep or cattle under any law for eradicating
scabies. Where cattle are quarantined on ac-
count of being tubercular reactors prosecutions
for violations thereof shall be only under the
penal clause for violating quarantines on tuber-
cular reactors and no other penal clause of this
Act shall apply. Wherever the word 'person' is
used in this Act the same shall also include firm
and corporations."

"Sec. 2. Whenever it is determined by Veterin-
arians in the employ of the Live Stock Sanitary
Commission that any contagious, infectious or
communicable disease exists among any live stock
or domestic animals or domestic fowls, in the
State of Texas, or on any land or premises or
other places, or that any live stock, domestic
animals or domestic fowls, premises or other places
have been exposed or are exposed to the agency of
transmission of any infectious contagious or com-
municable disease, such exposure or infection shall
be considered as continuing until the Live Stock
Sanitary Commission has eradicated the same through
its prescribed methods under authority of law and
of the rules and regulations of the Live Stock Sani-
tary Commission. In the trial of any case invol-
ving the compliance or non-compliance of any owner
or caretaker with any provision of law requiring
the treatment, vaccination, dipping, disinfecting
or other methods to be applied to live stock it
shall not be permissible to prove that the same
was done by any one except an authorized represen-
tative of said Commission. The provisions of this
Section shall apply to any and all contagious, in-
fectious and communicable diseases of live stock,
domestic animals and domestic fowls, whether said
diseases are mentioned in this Act or not, and
said provisions shall also include scabies infec-
tion and exposure among cattle, sheep, and goats,
when a scabies inspector of said Commission deter-
mines the existence of scabies infection or expo-
sure thereto."

Articles 1525d and 1525e of the Penal Code, reads
as follows:

Livestock Sanitary Commission, Page 5

"Article 1525d. Section 1. That when an accredited representative of the Livestock Sanitary Commission of Texas or an accredited representative of the United States Secretary of Agriculture or an authorized veterinarian makes an agglutination blood test for Bang's Disease of cattle in this State and furnishes to the owner of such cattle in writing data showing that a certain identified animal or animals have reacted to the test and are affected by the disease, it shall be the duty of the owner of such cattle within ten (10) days to brand each reactor or animal affected with the disease on the left jaw with the letter 'B' and place a metal tag in the ear of each such animal with numbers thereon and report in writing to the Livestock Sanitary Commission of Texas the numbers on such tags.

"Sec. 2. If any person shall violate any of the provisions of this Act, he shall be guilty of a misdemeanor and, upon conviction, shall be fined a sum not to exceed Two Hundred Dollars ($200) for each offense."

"Article 1525e. Section 1. It shall hereafter be unlawful for any person to sell or otherwise dispose of any cattle for milk purposes when he knows or has reason to believe said cattle are infected with Bang's disease.

"Sec. 2. If any person shall violate any of the provisions of this Act, he shall be guilty of a misdemeanor and, upon conviction, shall be fined a sum not less than Ten Dollars ($10) nor more than One Hundred Dollars ($100). The sale of each particular cow shall be considered a separate offense."

Under Article 1525d, supra, no duty is imposed upon the representative of the Livestock Sanitary Commission of Texas or an accredited representative of the United States Secretary of Agriculture or an authorized veterinarian to brand each animal affected with Bang's disease on the left jaw with the letter "B" and place a metal tag in the ear of each such animal with numbers thereon and report in writing to the Livestock Sanitary Commission of Texas the numbers on such tags, but such duty is imposed upon the owner of such cattle.

In view of the facts stated in your inquiry, you are respectfully advised that it is the opinion of this department that your question must be answered in the negative. However, as the attention of your department has been called to existing conditions which indicate the presence of Bangs disease, as above stated, we think that the above quoted statutes, together with other statutes applicable to the Livestock Sanitary Commission, require the Commission to make a proper investigation of such matter and if such disease exists, then the Commission should require the owners of all animals affected to comply with the provisions of Article 1525d, supra.

Trusting that the foregoing fully answers your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED JAN 23, 1940

AW:LM

FIRST ASSISTANT
ATTORNEY GENERAL

